UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-88-HRW

STEVEN A. WELLMAN,                                                PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,               DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed. The Court further finds that remand is not warranted.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for a period of disability, disability insurance benefits, and supplemental security income benefits on in February of 2002, alleging disability beginning on April 15,1999, due to problems with his feet

and legs and a nervous condition. On July 8, 2003, an administrative law judge ("ALJ") found that Plaintiff was not disabled (Tr. 51-62). The Appeals Council, however, vacated and remanded that decision for further Agency consideration (Tr. 85-88). Upon remand, the ALJ held a series of hearings and on December 7, 2004, issued a decision finding that Plaintiff was not disabled (Tr. 12-23).

Pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

Plaintiff was 40 years old at the time of the hearing decision (Tr. 16). He

has a high school education (Tr. 16).  His past relevant work experience consists of work as a journeyman carpenter (Tr. 16).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr.22).  The ALJ then determined, at Step 2, that Plaintiff suffered from bilateral peroneal mononeuropathy, tensive type headaches, diminished visual acuity of the right eye (without correction) and atypical anxiety with depressive features, which he found to be "severe" within the meaning of the Regulations (Tr. 22).  At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 22).  The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 22) but determined that he has the residual functional capacity ("RFC") to perform a significant range of light, sedentary work (Tr,.23).  Based upon this RFC, the ALJ, relying upon testimony of a vocational expert ("VE") , concluded that the Plaintiff could perform a variety of jobs, such as watch guard, product assembler and surveillance monitor (Tr. 23).  The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 23).  Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on February 1, 2005 (Tr. 7-8).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

On appeal, Plaintiff does not argue that the ALJ's decision was not supported by substantial evidence. Rather, Plaintiff's sole contention is that the matter should be remanded for consideration of new evidence, specifically, the March and April 2005 reports from Dr. Henry Goodman, an MRI report from May 2005 and a July 2005 hospital record.

Sentence six of 42 U.S.C. §405(g) provides:

> The court . . . may at any time order additional evidence be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. §405(g). However, the limited circumstances under which remands are permitted arise when the party seeking remand shows that: (1) there is new, non-cumulative evidence: (2) the evidence is "material" - i.e., both relevant and probative, so that there is a reasonable possibility that it would change the

administrative result; and, (3) there is good cause for failure to submit the evidence at the administrative level. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551, 554 (6th. Cir. 1984). While it is not, generally, difficult for a party seeking remand to show that evidence is new, it is, generally, onerous to demonstrate that the new evidence is material.

In the instant case, there is no dispute that the evidence submitted is new in that it was not in existence at the time of the administrati8ve hearing. However, Plaintiff has failed to show that the new evidence is material. In order to meet his burden as to materiality, Plaintiff "must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

Plaintiff submits the March and April 2005 reports from Dr. Henry Goodman in support of his claim of disability, in which Dr. Goodman suggests that the only work which Plaintiff is capable of performing is a "desk job." This report, rather than undermining the ALJ's decision, lends support to the same. In his decision, the ALJ found that Plaintiff could perform a significant range of light work, which, according to the VE, included some 220,000 sedentary jobs existing in significant numbers in the national and regional economies (Tr. 22, 246).

As for the May 2005 MRI, it showed a minimal central disc bulge at L5/S1, and narrow or mild narrowing of the right neural foramen. Yet there is nothing in this report which would detract from the RFC.

The hospital record from July 2005 is also irrelevant. The discharge instructions specifically stated "no written restrictions" on activities. Further, the one night admission was well after the ALJ's decision and thus not within the period of adjudication.

In sum, nothing in the new evidence submitted raises a reasonable probability that the ALJ would have reached a different decision and found Plaintiff to be disabled. Therefore the evidence is not material. Thus, remand would not be appropriate.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This March 2, 2006.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge